OPINION OF THE COURT
Arnold G. Fraiman, J.
This is a motion by defendant pursuant to CPLR 3211 to dismiss the complaint on the ground that it is barred by the Statute of Limitations. Plaintiff is a stock brokerage firm and *110 defendant was one of its customers. The complaint alleges that in early June, 1969 defendant requested plaintiff to convert four debentures of the EDO Corporation into 170 shares of the common stock of that company. It is alleged that plaintiff, by mistake, credited defendant’s account with 808 shares of stock, rather than the 170 shares to which she was entitled, and defendant on June 24, 1969 fraudulently sold the 808 shares and retained the proceeds and thereafter refused to remit to plaintiff the 638 shares erroneously credited to her.
The action was instituted on August 24, 1977 and defendant contends that it is barred by the Statute of Limitations. The period of limitations for an action based upon mistake is six years (CPLR 213, subd 6). It begins to run when the mistake is committed, not when it is discovered. (Nichols v Regent Props., 49 AD2d 847.) Here, the mistake occurred in June, 1969. Thus it would clearly seem to be time-barred. Plaintiff nevertheless contends that its action is viable because it has coupled its allegation of mistake with a claim of fraud. Relying principally upon Metropolitan Life Ins. Co. v Oseas (261 App Div 768, affd 289 NY 731), it argues that where there is an element of fraud in defendant’s conduct a cause of action based upon mistake accrues when the mistake is discovered. While the Oseas case has been cited for that proposition (see, e.g., Crocker-Citizens Nat. Bank v Bernstein, NYLJ, Jan. 5, 1970, p 2, col 4), a careful reading of the decision makes evident that whether or not fraud will defer the accrual of the cause of action until the mistake is discovered turns upon the nature of the fraud and the effect, if any, it has upon plaintiff’s ability to discover the mistake. Thus in the Oseas case, an insurance carrier sought to reform a life insurance policy issued by it. The paid-up value of the policy as issued was mistakenly shown on the policy as $2,000 rather than $1,000, and plaintiff did not discover the mistake until the policy was presented for payment 20 years after the date of issue. In holding that the period of limitations did not commence until the mistake was discovered, the court emphasized that the only opportunity plaintiff had to discover its mistake was from an examination of the policy itself which was available only to defendant. Noting that under such circumstances it would be unjust to bar plaintiff from reforming the policy, the court found constructive fraud on the part of the assured, and held that the statute did not begin to run until the mistake was discovered. The instant case is clearly distinguishable. Even *111 assuming that defendant’s sale of the excess stock was fraudulent, the fraud had no effect upon plaintiffs discovery of its mistake. Evidence of the mistake was contained in plaintiffs own books and records and indeed its discovery apparently resulted from a review of that material by plaintiff. Accordingly, regardless of the presence of fraud, no rationale exists for tolling the statute until the discovery of the mistake. To the extent the decision in Crocker-Citizens Nat. Bank v Bernstein (supra) is contrary, the court declines to follow it. The mistake having occurred more than six years before the commencement of the action, the complaint must be dismissed. Settle order.